By the Court.—Ingraham, J.
So far as the order directed the examination of the plaintiff as a witness before trial, I think the court below was right. The affidavit on which it was granted complies with the requirements of the Code, and from that affidavit the necessity and materiality of the plaintiff’s evidence is shown. It appears that defendant has no knowledge of the time and place of the accident and number of the car that caused the accident, that the'only person who has such information, to defendant’s knowledge, is the plaintiff, and that the deposition of the plaintiff is desired to be read at the trial of the action.
The order appealed from in addition to the provision requiring the plaintiff to appear and be examined as a witness, directs that the “ examination as to the physical and bodily condition of the plaintiff be by an actual inspection of the plaintiff’s body and person. Such inspection and examination of plaintiff’s body to be conducted and made by such physician as may be procured to attend herein by *414 the defendant, and the said physician is thereby authorized and empowered to make such inspection and examination.”
, The power of the court to compel a party to an action of this kind to submit his body to an examination must, therefore, be determined. By the adoption of the Code of Procedure in this state the disability as witnesses of parties interested in the action was abolished, and the rules governing their examination as witnesses before the trial of actions and for the discovery of books and papers in the possession of an adverse party, were prescribed. No authority for such an examination as is here applied for can be found in the Code, and ,if it exists at all, it must be found in the inherent power of the court apart from any statutory authority.
In actions for a dissolution of marriage on the ground of impotence, it has long been the practice of the court of chancery to compel the parties when necessary to submit their person to an inspection by physicians to be named by the court, but such an inspection was allowed on 'the ground of necessity only. As was said by Lord Stowell in Briggs v. Morgan (3 Phill. 325), nature has provided no other means, and w’e must be under the necessity of saying that all relief is denied, or of applying the means within our power.” The power, however, resting in necessity ends where the necessity ends, and it has been held that where the party has been examined by- physicians, no further inspection will be ordered. The testimony of the physicians will be taken (Brown v. Brown, 1 Hag. Ec. 523).
In this state this power has been sustained by the court where it is necessary to ascertain the fact of incapacity, and “without which it would be impossible for any court to exercise such a jurisdiction. (Devenbagh v. Devenbagh, 5 Paige, 556). This power, however, resting as it does on the special nature of the action in which it is allowed, is no authority for extending it to other cases in which such necessity does not exist. The writ de ventre inspiciendo is also cited as an instance in which such an inspection was *415 allowed, but that writ has long become obsolete and has never, as far as T have been able to discover, been recognized in this country. These are the only instances to my knowledge in which an inspection of the person were allowed at common law, and cannot be cited as authorities for the order appealed from.
The case of Walsh v. Sayre, (52 How. 334), is the first case in which such an application was passed on by the court that I have been able to discover. That was an action against a physician for malpractice and an application of the defendant. The special term of this court ordered the plaintiff, an infant, to submit to an examination. It was admitted by the learned judge in his opinion in that case that there was no recorded case where such an application had been granted, and it appears to me that the reasons on which he bases his conclusions are rather those that should be addressed to the legislature to enlarge the power of the courts.
The position taken by that case,—that the abrogation of the rule that a party interested in the event of an action cannot be permitted to testify, removes all restraint and leaves the court to unfettered action except so far as it is curbed by the provisions of the statute,—appears to me broader than can be sustained. The effect of the removal of the restriction, is that rules for the examination of the party thus allowed to testify, should be governed by the rules applicable to the examination of other witnesses. It gives the court no greater power over such parties, than it had over other witnesses. The provision of the Code is that except as otherwise specifically prescribed, a person shall not be excluded or excused from being a witness by reason of his or her interest In the event of an action, etc. (Code Civ. Pro. § 828).
The portion of the order appealed from now under consideration, does not provide for the examination of the plaintiff as a witness in the action, but compels the plaintiff to allow other persons to examine him, so that defendant may ascertain plaintiff’s condition.
*416 The courts have uniformly refused to compel a party to submit property or chattels that were the subject of controversy to the inspection of experts or to the adverse party (Ansen v. Tuska, 19 Abb. 391 ; Miner v. Gardner, 4 Hun, 132), and in Cooke v. The Lalance G. Man. Co. (29 Id. 641), the supreme court held that there was neither power nor authority in it to compel an inspection of the machinery, in possession of the defendants, that caused an accident.
Several cases are cited where the court of common pleas at special term have followed Walsh v. Sayre (supra), but they appear to have been decided on the authority of that case. Harrold v. New York, &c. R. R. Co. (21 Hun, 268), is also cited in support of this application, but in that case the order only required the plaintiff to be examined as a witness, and did not require him to submit to a physical examination, and the plaintiff who was to be examined did not appear, but the defendant appealed from certain restrictions in the order.
The exact question, however, was before the general term of the supreme court in the case of Roberts v. Ogdensburgh R. R. Co. (29 Hun, 155), and after reviewing all the cases cited by respondent, it was held that the court had not the power to compel such an examination, and with the reasoning and conclusions of the court in that case I concur.
Respondent has cited the cases of Schroeder v. C. R. I. & C. R. R. Co. (47 Iowa), Miami & Montgomery Turnpike Co. v. Bailey (37 Ohio St. 104), and Atchison T. & S. F. R. R. Co. v. Thiel (44 Amer. Rep. 659), in which orders of the kind in question had been upheld, but no precedents are cited, and I do not think they should be followed.
I am therefore of the opinion that the court had no power to compel the plaintiff to submit to a physical examination and the order appealed from, must be modified by striking out the provision requiring plaintiff to submit to such an examination, and as so modified, affirmed with $10 costs and disbursements to appellant to abide the event of the .action.
Sedgwick, Ch. J., concurred.